IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

EDNA KELLEY MIDDLETON,

    Plaintiff,

vs.                                            No.  17-2164-SHL-dkv

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL
_____

    On March 9, 2017, the plaintiff, Edna Kelley Middleton ("Middleton"), filed a *pro se* complaint against the defendant, the Commissioner of Social Security ("the Commissioner"), pursuant to 42 U.S.C. § 405(g) of the Social Security Act, seeking judicial review of a decision of the Commissioner dated June 29, 2016 denying her claim for divorced widow's survivor benefits. (ECF No. 1.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

    Accompanying the complaint was an application to proceed *in forma pauperis*. (ECF No. 2.) The information set forth in the affidavit in support of the application to proceed *in forma pauperis* satisfies Middleton's burden of demonstrating that she is unable to

pay the civil filing fee. Accordingly, the application to proceed *in forma pauperis* is granted.

For the reasons that follow, it is recommended that Middleton's complaint be dismissed as untimely and for failure to exhaust administrative remedies.

## I. PROPOSED FINDINGS OF FACT

Middleton filed her complaint on a court-supplied form styled "Complaint for Judicial Review of Social Security Decision" in which she stated that she had filed a claim for widow's benefits with the Social Security Administration. (Compl. ¶ II, ECF No. 1.) The complaint states that a copy of the final decision of the Commissioner notifying her of her right to sue is attached. (*Id.*) Although Middleton attached a number of exhibits to the complaint (primarily pertaining to a disciplinary complaint to the Tennessee Board of Professional Responsibility and to state divorce proceedings), she failed to attach the final decision of the Commissioner. In the form complaint, she checked the box indicating that her initial application for benefits was denied. (*Id.* ¶ IV.) She further states that upon denial of her initial claim, she requested a hearing which was held before an Administrative Law Judge ("ALJ") on September 1, 2015, which resulted in a denial of her claim on June 29, 2016. (*Id.* ¶ V.) She did not check a box indicating whether the ALJ's decision was appealed to the Appeals Council and whether the Appeals Council affirmed or reversed the ALJ's decision. (*Id.*

2

¶ VI.) She did state, however, that she received a decision from the Appeals Council on June 29, 2016, which is the same date she claims the ALJ rendered his decision. (*Id*.) Middleton did not attach a copy of the decision of the Appeals Council to her complaint.

## II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

    (i)      is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Middleton's complaint states a claim on which relief may be granted, the court applies the standards under

Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A complaint must "'contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII plaintiffs are not required to plead the elements of a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). All that is required

4

is that the complaint comply with "Rule 8(a)'s simplified pleading standard." *Swierkiewicz,* 534 U.S. at 513.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.   Timeliness

"[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"  *United States v. Testan*, 424 U.S. 392, 399 (1976)(quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  Pursuant to 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within *sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g)(emphasis added).  This method of review is exclusive: "No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided."  42 U.S.C. § 405(h).  The 60-day limit is a condition on the waiver of sovereign immunity by the United States and must be strictly construed.  *Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1986).

Middleton has failed to attach to her complaint the final decision of the Commissioner, but she states, however, that she received a final decision on June 29, 2016.  Middleton did not file a complaint for judicial review until March 9, 2017, nearly nine months after she claims she received the final decision of the Appeals Council.  There is no allegation in Middleton's complaint that she

6

requested an extension of time from the Appeals Council. Therefore, this action is untimely. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007)(stating that complaint filed one day late "likely would create little prejudice to the Commissioner" in any particular case, but "there are millions of applicants for Social Security benefits each year, and [] the lack of a clear filing deadline could create havoc in the system").

The 60-day time requirement for filing a court action, however, is not jurisdictional but rather constitutes a period of limitations. *Bowen*, 476 U.S. at 478 (citing *Matthews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976)). The Supreme Court has held that the 60-day limitations period for filing a civil action for review is subject to traditional equitable tolling. *Id.* at 480. However, "[f]ederal courts have typically extended equitable relief only sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003). "Equitable tolling or waiver . . . is available only in compelling cases which justify a departure from established procedures." *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989). The burden is on the party seeking equitable tolling to prove that he is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

The Sixth Circuit considers the following factors in determining whether equitable tolling should be allowed:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the particular legal requirement for filing his claim.

*Cook*, 480 F.3d at 437 (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)). "[T]he five factors considered in deciding whether to equitably toll a limitations period are not comprehensive, nor is each of the five factors relevant in all cases. The decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001)(citations omitted). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys, Inc. v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)(citation omitted); *see also Johnson v. U.S. Postal Serv.*, No. 86-2189, 1988 WL 122962, at *3 (6th Cir. Nov. 16, 1988)(refusing to apply equitable tolling when *pro se* litigant missed filing deadline by one day). Moreover, the absence of prejudice to the defendant, standing alone, is insufficient to justify equitable tolling in the absence of an "independent basis for invoking the doctrine." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151-52 (1984). In *Baldwin County Welcome Center*, the Supreme Court gave examples of conduct that would and would not justify equitable tolling:

8

> This is not a case in which a claimant has received inadequate notice; or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; or where the court has led the plaintiff to believe that she had done everything required of her.  Nor is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.

*Id.* at 151 (internal citations omitted).

Applying these factors, no circumstances justify equitable tolling of the limitations period in this case.  Middleton has not set forth any factual allegations that show she diligently tried to pursue judicial review.  Therefore, Middleton has failed to carry her burden of showing that she is entitled to equitable tolling.

C.   Exhaustion of Administrative Remedies

Given the information provided by Middleton, the court cannot determine, without speculating, whether Middleton has exhausted her administrative remedies.  To seek judicial review, a claimant is required by § 405(g) to obtain a "final decision" from the Commissioner.  "To obtain a final decision from the [Commissioner], a claimant is required to exhaust his administrative remedies by proceeding through all three stages of the administrative appeals process.  Only a claimant who proceeds through all three stages receives a final decision from the [Commissioner]."  *Bowen,* 476 U.S. at 482.[1]

---

[1] The determination whether an individual is [entitled to benefits] is made initially by a state agency acting under the authority and control of the Secretary. . . . If a

9

Middleton states she received a final decision from the Commissioner but she failed to attach a copy of the decision of the Appeals Council to her complaint. The form complaint specifically warns:

> You must attach a copy of the decision of the Appeals Council to this complaint. Failure to attach a copy of the decision of the Appeals Council may result in your complaint being dismissed for failure to exhaust your administrative remedies.

(Compl. ¶ VI, ECF No. 1.)

Moreover, the date Middleton gives for the final decision of the Appeals Council is the same date she provides for the ALJ's decision, which suggests she did not seek review by the Appeals Council. Also, she did not indicate whether or not the Appeals Council affirmed the ALJ's decision. It is unclear, therefore, whether Middleton in fact sought review by the Appeals Council and received a notice of right to sue from the Commissioner.

### III.  RECOMMENDATION

For the foregoing reasons, this court recommends that Middleton's complaint be dismissed *sua sponte* pursuant to 28 U.S.C.

---

claimant is dissatisfied with the state agency's decision [], he is entitled to a hearing by an [ALJ] . . . . If the ALJ's decision is adverse to the claimant, the claimant may then seek review by the Appeals Council. Proceeding through these three stages exhausts the claimant's administrative remedies. . . . Thereafter, he may seek judicial review in federal district court, pursuant to 42 U.S.C. § 405(g).

*Bowen*, 476 U.S. at 471-72 (citations omitted).

§ 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted in that the complaint is untimely and Middleton has failed to exhaust administrative remedies.

Respectfully submitted this 5th day of April, 2017.

<pre>
                         s/Diane K. Vescovo_____
                         DIANE K. VESCOVO
                         CHIEF UNITED STATES MAGISTRATE JUDGE
</pre>

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.